IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAPHNE M. QUIRIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-1552-DWD |
| | ) |
| OMNICARE OF BELLEVILLE, | ) |
| An affiliate of CVS PHARMACY | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Daphne M. Quirin, proceeding *pro se*, filed suit in St. Clair County Circuit Court asserting claims against CVS Pharmacy, Inc. ("CVS")[1] for failing to accommodate her religious beliefs. Specifically, Ms. Quirin asserts that she "received the exemption to not have to receive vaccination based on [her] religious beliefs," but was "told that [she] would have to follow reasonable accommodations … that [she] would have to begin being COVID-19 tested twice (2) weekly." (Doc. 1-1, pp. 5-6). CVS subsequently removed the case to this Court, invoking diversity of citizenship and federal question jurisdiction (Doc. 1). Now pending before the Court is CVS' Motion to Dismiss and Compel Arbitration ("Motion") and CVS' Memorandum of Law in Support of its Motion to Dismiss and to Compel Arbitration ("Memorandum") (Docs. 9, 10).

---

[1] In its removal papers, CVS states that it has been improperly identified as "Omnicare of Belleville an affiliate of CVS Pharmacy" (Doc. 1, p. 1).

Ms. Quirin did not timely respond to the Motion,[2] and on April 6, 2022, the Court ordered Ms. Quirin as follows:

> The Court may, in its discretion, construe a party's failure to file a timely response as an admission of the merits of the motion. SDIL-LR 7.1(c). The Court hereby ORDERS Plaintiff to SHOW CAUSE in writing, on or before April 20, 2022, why the Court should not construe her failure to timely respond to the motion to dismiss as an admission of the merits of the motion and grant Defendant's motion and close this case on the Court's docket. In the alternative to responding to this Order to Show Cause, Plaintiff can simply file a response to the motion to dismiss. Plaintiff is WARNED that the failure to either file a response to this Order to Show Cause or to the pending motion to dismiss by April 20, 2022, may result in dismissal of this action for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to manage its docket. See In re Bluestein & Co., 68 F.3d 1022, 1025 (7th Cir. 1995).

(Doc. 19). The Clerk of Court sent a copy of the Order to Show Cause, the Motion, and the Memorandum to Ms. Quirin at her home address in Belleville, Illinois and to the email account on file with the Court. To date, Ms. Quirin has not responded.

The Court may, in its discretion, construe a party's failure to file a timely response as an admission of the merits of the motion, and the Court will do so here. *See* Local Rule 7.1(g) (requiring a response to motions not listed in subsection (c) be filed 14 days after service of the motion and stating a failure to timely respond may be deemed an admission of the merits of the motion); *see also* Tobel v. City of Hammond, 94 F.3d 360, 362 (7th Cir. 1996) ("[T]he district court clearly has authority to enforce strictly its Local Rules, even if a default results."). Having considered CVS' arguments and having reviewed the

---

[2] CVS mailed a copy of the Motion and Memorandum to Plaintiff at her home address in Belleville, Illinois. Additionally, the docket indicates that a notice of electronic filing was emailed to Plaintiff at her gmail address.

arbitration agreement,³ the Court concludes that (1) the parties entered into a valid and enforceable agreement, under Illinois law, to arbitrate any claims arising out of Ms. Quirin's employment with CVS; (2) the arbitration agreement provides that all questions regarding arbitrability must be submitted to arbitration;⁴ and (3) the arbitration agreement is governed by the Federal Arbitration Act. Accordingly, the Court must refer this matter to arbitration. *See* 9 U.S.C. § 2; *AT&T Mobility LL v. Concepcion*, 563 U.S. 333, 334 (2011); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

## CONCLUSION

For the reasons stated herein, it is **ORDERED** that the Motion to Compel Arbitration is **GRANTED** (Doc. 9); and this matter is hereby **DISMISSED** without prejudice. Clerk to close the case.

**SO ORDERED.**

Dated: April 22, 2022

DAVID W. DUGAN
United States District Judge

---

³ In the Seventh Circuit, motions to dismiss and compel arbitration are properly brought under Rule 12(b)(3) of the Federal Rules of Civil Procedure because "[a]n agreement to arbitrate is a type of forum selection clause." *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 773 (7th Cir. 2014) (*citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 630-31 (1985)). In ruling on a motion to dismiss for improper venue, the Court is permitted to consider evidence outside the pleadings. *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809-10 (7th Cir. 2001).

⁴ The arbitration agreement provides that "disputes arising out of or relating to the validity, enforceability, or breach of this [Agreement]" shall be decided by an arbitrator, not a court." (Doc. 10, p. 10). The arbitration agreement also incorporates the rules of the American Arbitration Association. *Id*. As such, the parties agreed to leave the issue of whether Ms. Quirin's claims belong in arbitration to an arbitrator. *Ed's Pallet Servs., Inc. v. Applied Underwriters, Inc.*, 2017 WL 9287091, at *3 (S.D. Ill. Apr. 7, 2017) ("As courts have repeatedly held, an arbitration provision that incorporates the rules of the American Arbitration Association demonstrates an intent to submit gateway issues to arbitration.") (citing *Oracle America, Inc. v. Myriad Group A.G.*, 724 F.3d 1069, 1074 (9th Cir. 2013).